1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEITH M. CASSELLS,                          No.  2:15-cv-0313 KJM AC P

12                        Plaintiff,

13           v.                                   ORDER

14    L.C. MCNEAL, et al.,

15                        Defendants.

16

17           Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21    1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                               1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2  1915(b)(2).

3      I.      Statutory Screening of Prisoner Complaints

4          The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.

15  1989) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

16  meritless legal theories or whose factual contentions are clearly baseless.") (citation and internal

17  quotations omitted)), superseded by statute on other grounds as stated in Lopez v. Smith, 203

18  F.3d 1122, 1130 (9th Cir. 2000); Franklin, 745 F.2d at 1227.

19          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

20  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

21  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

22  U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to

23  survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic

24  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

25  raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must

26  contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a

27  legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright &

28  Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.     Complaint

Plaintiff has filed an original and first amended complaint. ECF Nos. 1, 7. In the amended complaint, plaintiff states that he is dismissing all of his claims except for his claim that defendants violated his rights under the Health Insurance Portability and Accountability Act (HIPAA). Id. at 2-3. Plaintiff states that the state court has already issued judgment on his other claims and they are barred by res judicata, which is why he is amending them out of the complaint. Id. Plaintiff's remaining claim is that defendant and his counsel in the state case violated his rights under HIPAA when they accessed his medical records without the appropriate authorization. ECF No. 7 at 4. He seeks monetary damages. Id. at 7.

III.    Failure to State a Claim

As an initial matter, the first amended complaint fails to include a section identifying the defendants against whom plaintiff is seeking to bring his claims, and the body of the complaint refers only to "defendant" and "defendants' attorneys." ECF No. 7 at 1-6. It appears that plaintiff is likely relying on his original complaint for the identification of his defendants. However, the court cannot refer to a prior pleading in order to make the first amended complaint complete. See L.R. 220. Plaintiff will be given leave to amend the complaint, but is cautioned that if he does not identify defendants by name, the court will be unable to serve the complaint on those defendants until plaintiff identifies them. Failure to identify any defendants by name will

////

3

1   result in a recommendation to dismiss the case due to the impossibility of serving unknown

2   defendants.

3          "HIPAA itself does not provide for a private right of action."  Webb v. Smart Document

4   Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually

5   Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at

6   45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action)).

7   Plaintiff's HIPAA violation claim should therefore be dismissed.  However, it appears that, with

8   amendment, plaintiff may be able to state a claim for violation of his constitutionally protected

9   right to privacy.

10         The Ninth Circuit has held that the constitutional right to informational privacy extends to

11  medical information, though this right is not absolute and can be infringed on when there is a

12  "proper governmental interest."  Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir.

13  2004) (internal quotations marks omitted) (quoting Whalen v. Roe, 429 U.S. 589, 599 (1977);

14  Planned Parenthood of S. Ariz. v. Lawall, 307 F.3d 783, 790 (9th Cir. 2002)); see also Norman-

15  Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir.1998) ("The constitutionally

16  protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical

17  information and its confidentiality.") (citing Doe v. Attorney Gen. of the United States, 941 F.2d

18  780, 795 (9th Cir. 1991)).  "[T]o determine whether the governmental interest in obtaining

19  information outweighs the individual's privacy interest [the court considers]: (1) the type of

20  information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3)

21  the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access,

22  and (5) whether there is an express statutory mandate, articulated public policy, or other

23  recognizable public interest militating toward access."  Tucson Women's Clinic, 379 F.3d at 551

24  (citing Planned Parenthood, 307 F.3d at 790).

25         "[P]risoners do not have a constitutionally protected expectation of privacy in prison

26  treatment records when the state has a legitimate penological interest in access to them."  Seaton

27  v. Mayberg, 610 F.3d 530, 535 (9th Cir. 2010).  Plaintiff may also waive the right to privacy of

28  his medical records by putting his medical condition at issue, as he appears to have done in his

4

1    state court case.  <u>Frye v. Ayers</u>, No. CIV S-99-0628 LKK KJM, 2009 WL 1312924, at *2, 2009

2    U.S. Dist. LEXIS 124339, at *5-6 (E.D. Cal. May 12, 2009) (citing <u>Barnes v. Glennon</u>, No. 9:05-

3    CV-0153 (LEK/RFT), 2006 WL 2811821, at *4, 2006 U.S. Dist. LEXIS 101806, at * 9

4    (N.D.N.Y. Sept. 28, 2006) ("Although the release of the medical records was not pursuant to a

5    discovery order or by consent, the release, nevertheless, did not violate Plaintiff's constitutional

6    right to privacy since medical conditions were at the heart of the argument presented by Plaintiff

7    in his *habeas corpus* petition."); <u>Woods v. Goord</u>, No. 01 CIV. 3255 (SAS), 2002 WL 731691, at

8    *11, 2002 U.S. Dist. LEXIS 7157, at *36 (S.D.N.Y. Apr. 23, 2002) ("It is settled law that release

9    of an inmate's medical records in defense of litigation does not violate any right of the inmate

10   when he has filed suit against prison officials."); <u>Ferrell v. Glen-Gery Brick</u>, 678 F. Supp. 111,

11   112-13 (E.D. Pa. 1987) ("[W]hen a party places his or her physical or mental condition in issue,

12   the privacy right is waived")); <u>Smith v. Solano County</u>, No. 2:11-cv-00142 MCE EFB P, 2012

13   WL 3727332, at *1, 2012 U.S. Dist. LEXIS 120869, at *3-4 (E.D. Cal. Aug. 24, 2012).

14        To the extent defendants had a legitimate penological interest in accessing plaintiff's

15   medical records or the records contained medical information put at issue by plaintiff's lawsuit,

16   plaintiff will be unable to state a claim.  However, the attachments to the complaint indicate that

17   medical records not relevant to the claims in plaintiff's state court case may have also been

18   accessed, potentially violating plaintiff's privacy rights.  Plaintiff will therefore be given an

19   opportunity to amend the complaint to attempt to state a claim for violation of his constitutional

20   right to privacy.  If plaintiff choses to amend the complaint, the amended complaint will need to

21   identify the defendants, what medical information was disclosed, whether the information related

22   to his claims in his state court case, how the defendants were involved in the disclosure, and

23   whether there was a legitimate penological reason for the disclosure of the information.

24        IV.    <u>Leave to Amend</u>

25        The court will provide plaintiff an opportunity to file a second amended complaint to

26   attempt to cure the deficiencies identified above.  If plaintiff chooses to file a second amended

27   complaint, he must demonstrate how the conditions about which he complains resulted in a

28   deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  Also, the

1   complaint must allege in specific terms how each named defendant is involved.  Id.  There can be

2   no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

3   defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th

4   Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

5   conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

6   Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

7        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

8   his second amended complaint complete.  Local Rule 220 requires that an amended complaint be

9   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

10  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

11  1967), overruled in part by Lacey v. Maricopa Cnty., 693 F.3d 896, 929 (9th Cir. 2012) (claims

12  dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

13  amended complaint to preserve appeal).  Once plaintiff files a second amended complaint, any

14  previous complaints will no longer serve any function in the case.  Therefore, in a second

15  amended complaint, as in an original complaint, each claim and the involvement of each

16  defendant must be sufficiently alleged.

17      V.      Summary

18       Plaintiff's request to proceed in forma pauperis is granted.

19       The first amended complaint is dismissed because plaintiff has not identified any

20  defendants and HIPAA does not create rights enforceable by individuals.  Plaintiff will be given a

21  chance to amend his complaint so that he can try to state a claim for violation of his constitutional

22  right to privacy of his medical information.  If plaintiff choses to amend the complaint, he must

23  identify at least one defendant by name.  He must also explain what medical information was

24  disclosed, whether the information disclosed related to his claims in his state court case, how the

25  defendants were involved in the disclosure, and whether the defendants had a good reason to

26  disclose of the information.  The court will not be able to serve any defendants who have not been

27  identified by name and if plaintiff does not identify any defendants by name, the court will

28  recommend the case be dismissed because it will not be able to serve the complaint.  If plaintiff

1  chooses to amend his complaint, the amended complaint must include all the claims plaintiff

2  wants to make because the court will not look at the claims or information in the original or first

3  amended complaint or any other documents plaintiff has already filed.  If plaintiff does not file an

4  amended complaint within thirty days of service of this order, the court will recommend that this

5  case be dismissed.

6         IT IS HEREBY ORDERED that:

7         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

8         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

9  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

10  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

11  Director of the California Department of Corrections and Rehabilitation filed concurrently

12  herewith.

13         3.  Plaintiff's first amended complaint (ECF No. 7) is dismissed.

14         4.  Plaintiff is granted thirty days from the date of service of this order to file a second

15  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

16  of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear

17  the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure

18  to file a second amended complaint in accordance with this order will result in dismissal of this

19  action.

20         5.  The Clerk of the Court is directed to send plaintiff a blank complaint form for prisoner

21  complaints under 42 U.S.C. § 1983.

22  DATED: January 5, 2016

23

24                                                ALLISON CLAIRE
                                                  UNITED STATES MAGISTRATE JUDGE

25

26

27

28

7