UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH M. CASSELLS,<br><br>          Plaintiff,<br><br>     v.<br><br>L.C. MCNEAL, et al.,<br><br>          Defendants. | No.  2:15-cv-0313 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

1

1  meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona,
2  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute
3  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490
4  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,
5  has an arguable legal and factual basis.  Id.

6       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
7  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
8  what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
9  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
10 However, in order to survive dismissal for failure to state a claim, a complaint must contain more
11 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
12 allegations sufficient "to raise a right to relief above the speculative level." Id. (citations
13 omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that
14 merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)
15 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
16 ed. 2004)).

17      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
18 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
19 Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint
22 under this standard, the court must accept as true the allegations of the complaint in question,
23 Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading
24 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v.
25 McKeithen, 395 U.S. 411, 421 (1969).

26   II.    Second Amended Complaint
27      Plaintiff has filed a second amended complaint, stating that defendants violated his rights
28 under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the Fourth and

Fourteenth Amendments, California's Confidentiality of Medical Information Act (CMIA), Cal. Civ. Code §§ 56 et seq., California's Information Practices Act of 1977, Cal. Civ. Code §§ 1798-1798.78, and California Code of Civil Procedure § 1987.  Specifically, plaintiff alleges that defendants McNeal, a correctional officer, and Morimoto, McNeal's counsel in a previous state court lawsuit brought by plaintiff against McNeal, violated plaintiff's rights when they obtained his medical records without the proper authorization in the course of litigation.  ECF No. 13 at 12-19.  Similarly, plaintiff states that defendants Weaver and Sprague, respectively a prison litigation coordinator and a custodian of health records, unlawfully provided plaintiff's medical records to Morimoto without proper authorization.  Id. at 19-22.  Finally, plaintiff alleges that defendant Vandenburg, a correctional counselor, violated his rights by refusing to inform him what medical information had been provided to Morimoto.  Id. at 22-23.

   III.   Failure to State a Claim

      A.   HIPAA Violations

As plaintiff was previously advised, "HIPAA itself does not provide for a private right of action."  Webb v. Smart Document Solutions, LLC, 499 F.3d 1078 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action")).  Plaintiff's HIPAA claims should therefore be dismissed without leave to amend.

      B.   Privacy Claims Against Defendants McNeal, Morimoto, Weaver and Sprague

Plaintiff alleges defendants violated his constitutionally protected right to privacy regarding his medical records.  The Ninth Circuit has held that the constitutional right to informational privacy extends to medical information, though this right is not absolute and can be infringed on when there is a "proper government interest."  Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004) (internal quotation marks omitted) (quoting Whalen v. Roe, 429 U.S. 589, 599 (1977); Planned Parenthood of S. Ariz. v. Lawall, 307 F.3d 783, 790 (9th Cir. 2002); see also Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters

3

clearly encompasses medical information and its confidentiality.") (citing <u>Doe v. Attorney Gen. of the United States</u>, 941 F.2d 780, 795 (9th Cir. 1991)).  However, "privacy rights in medical records are neither fundamental nor absolute." <u>Lambert v. Robles</u>, No. 07cv1769 JM (NLS), 2009 WL 1505161, at *2, 2009 U.S. Dist. LEXIS 44702, at *4 (S.D. Cal. May 28, 2009) (citing <u>Whalen</u>, 429 U.S. at 599-600).  "[T]o determine whether the governmental interest in obtaining information outweighs the individual's privacy interest [the court considers]: (1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." <u>Tucson Woman's Clinic</u>, 379 F.3d at 551 (citing <u>Planned Parenthood</u>, 307 F.3d at 790).

"[P]risoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." <u>Seaton v. Mayberg</u>, 610 F.3d 530, 535 (9th Cir. 2010).  Plaintiff may also waive the right to privacy of his medical records by putting his medical condition at issue. <u>Frye v. Ayers</u>, No. CIV S-99-0628 LKK KJM, 2009 WL 1312924, at *2, 2009 U.S. Dist. LEXIS 124339, at *5-6 (E.D. Cal. May 12, 2009) (citing <u>Barnes v. Glennon</u>, No. 9:05-CV-0153 (LEK/RFT), 2006 WL 2811821, at *4, 2006 U.S. Dist. LEXIS 101806, at *9 (N.D.N.Y. Sept. 28, 2006) ("Although the release of the medical records was not pursuant to a discovery order or by consent, the release, nevertheless, did not violate Plaintiff's constitutional right to privacy since medical conditions were at the heart of the argument presented by Plaintiff in his *habeas corpus* petition.")); <u>Woods v. Goord</u>, No. 01 CIV. 3255 (SAS), 2002 WL 731691, at *11, 2002 U.S. Dist. LEXIS 7157, at *36 (S.D.N.Y. Apr. 23, 2002) ("It is settled law that release of an inmate's medical records in defense of litigation does not violate any right of the inmate when he has filed suit against prison officials."); <u>Thomas v. Carrasco</u>, No. 1:04-cv-05793-MJS (PC), 2010 WL 4024930, at *4, 2010 U.S. Dist. LEXIS 108918, at *12 (E.D. Cal. Oct. 13, 2010) ("[T]o the extent an individual has a right to privacy in his medical records, such right is waived by the filing of a lawsuit that puts the individual's medical condition at issue."); <u>Lara Urbina v. Carson</u>, No. 1:07-CV-00153 OWW NEW (TAG),

4

1  2007 WL 2814652, at *4, 2007 U.S. Dist. LEXIS 74890, at *11-12 (E.D. Cal. Sept. 25, 2007)
2  (finding that the prisoner's medical records were "highly relevant to the nature and extent of his
3  injuries and damage claims.").

4　　Plaintiff states that his medical records were not relevant to the state claims and therefore
5  the defendants violated his constitutionally protected right to privacy.  ECF No. 13 at 10-11.
6  However, at a minimum, defendant Morimoto's review of plaintiff's medical records was
7  necessary in order to assess the appropriate amount of damages, if any, for plaintiff's personal
8  injury claim against defendant McNeal.  Although plaintiff states that his claim against McNeal
9  was for retaliation and harassment, part of that claim was that defendant McNeal's conduct
10 aggravated plaintiff's pre-existing eye condition by causing "searing eye pain, headaches, sleep
11 deprivation."  ECF No. 13 at 7-9.

12　　Contrary to plaintiff's contentions here, the fact that he did not file a grievance or lawsuit
13 regarding his medical treatment is not dispositive.  Rather, plaintiff's medical records became
14 relevant because he put his medical condition at issue by claiming a physical injury as part of the
15 basis for his state lawsuit.  In order for defendant McNeal and his counsel, defendant Morimoto,
16 to adequately prepare for litigation, it would have been necessary to review plaintiff's medical
17 records to determine whether McNeal was in fact responsible for any physical injury, and if so,
18 calculate the potential resulting damages.  Additionally, plaintiff has provided a copy of the state
19 court's order granting summary judgment, which held that there was a lack of physical injury and
20 that the absence of such injury required dismissal of the suit, making his medical records highly
21 relevant to the state court action.  ECF No. 6 at 9-11.  In sum, because plaintiff put his medical
22 condition at issue when he initiated the lawsuit, he waived his constitutional right to privacy.

23　　Plaintiff further alleges that the defendants went beyond the scope of relevant information
24 in accessing his medical records, and moreover, did not need to obtain plaintiff's medical records
25 because he informed defendant McNeal about his glaucoma and voluntarily provided a copy of
26 his medication prescription.  ECF No. 13 at 10, 13.  However, when a prisoner initiates a personal
27 injury lawsuit, "[i]t is entirely expectable that all Plaintiff's medical information about his
28 physical and mental condition, treatment, diagnosis, prognosis and recovery has as a matter of

law to be fully disclosed to Defendants for the litigation." Lara Urbina, 2007 WL 2814652, at *5, 2007 U.S. Dist. LEXIS 74890, at *16. Similarly, defendants were entitled to all information that was relevant to the issues, claims and defenses in the state action and were thus not limited to the information plaintiff voluntarily disclosed. Larson v. Bailiff, No. 13cv2790 BAS (JLB), 2015 WL 4425660, at *4, 2015 U.S. Dist. LEXIS 94188, at *9 (S.D. Cal. July 17, 2015) (holding that the prisoner's medical history was relevant to his claims for physical injuries and emotional distress damages arising from his arrest and for determining whether the injuries "were actually caused by the incident and behavior in question."). For example, though plaintiff states it was unnecessary for defendants to access his medical information beyond establishing that he had glaucoma and the medication he was taking for it (ECF No. 13 at 10-11), information about plaintiff's other conditions and medications would be necessary to determine whether they were contributing factors to plaintiff's alleged injury.

Plaintiff has failed to allege facts that would show that he retained any privacy rights in his medical records after alleging a physical injury, nor has he shown that the records were disclosed to those not involved in the state court action. His privacy claims against defendants McNeal, Morimoto, Weaver and Sprague should therefore be dismissed.

        C.   Privacy Claims Against Defendant Vandenburg

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.")). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id. Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. The Seventh Circuit has observed that

> [o]nly persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner

> violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (internal citations omitted).

Here, plaintiff alleges that defendant Vandenburg violated his rights by refusing to disclose which medical records had been provided to defendant Morimoto. ECF No. 13 at 22-23. Plaintiff has not cited, nor has this court located, any law holding that plaintiff has a constitutional right to the requested information. Additionally, the allegation fails to state a claim under which relief may be granted because plaintiff is not entitled to a favorable response through an administrative process. Ramirez, 334 F.3d at 860. Plaintiff does not allege that defendant Vandenburg was involved in the disclosure of his medical records. Instead, plaintiff states that defendant Vandenburg rejected plaintiff's request for information about the disclosure. ECF No. 13 at 29. However, "only persons who cause or participate in the violations are responsible." George, 507 F.3d at 609. Here, the alleged constitutional violation is the disclosure of plaintiff's medical records. Since the refusal to provide plaintiff with the information he requested is not a constitutional violation and plaintiff does not contend that defendant Vandenburg had any involvement in the disclosure, the claim must be dismissed.

### D. Fourth Amendment Claims

Plaintiff states that defendants' unauthorized procurement and disclosure of his medical records violated his rights under the Fourth Amendment. ECF. No. 13 at 13, 14, 21, 22. However, a person generally only has a Fourth Amendment expectation of privacy in documents that he owns or possesses. United States v. Miller, 425 U.S. 435, 440-442 (1976). The medical records at issue in this case were maintained and possessed by the State and therefore the disclosure of these records did not constitute a search for Fourth Amendment purposes. Thomas, 2010 WL 4024930, at *4, 2010 U.S. Dist. LEXIS 108918, at *14 (holding that the defendant's procurement of plaintiff's medical records without authorization did not constitute a search under the Fourth Amendment).

### E. State Law Claims

Plaintiff's second amended complaint also states that defendants violated his rights under

California's Confidentiality of Medical Information Act (CMIA), Cal. Civ. Code §§ 56 et seq., California's Information Practices Act of 1977, Cal. Civ. Code §§ 1798-1798.78, and California Code of Civil Procedure § 1987.  ECF No. 13 at 3-4.  However, these statutes are state laws and do not provide a basis for federal jurisdiction.  Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law.").  Because plaintiff has failed to state a cognizable claim for relief under federal law, this court should decline to exercise supplemental jurisdiction over plaintiff's putative state law claims.[1]  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

IV.  Motion to Supplement

Plaintiff has also filed a motion to supplement the amended complaint.  ECF No. 14.  In the proposed supplemental pleading, plaintiff states that his privacy rights were violated as the result of the theft of an unencrypted, password-protected laptop from the personal vehicle of a California Correctional Health Care Services (CCHCS) employee.  Plaintiff seeks to join additional defendants, CCHCS and the California Department of Corrections and Rehabilitation (CDCR), alleging they had a duty to secure the confidentiality of prisoners' medical and custodial records.  ECF No. 15 at 5.  Plaintiff seeks monetary damages in the amount of $6,000 for the alleged breach of his medical and custodial records.  ECF No. 15 at 11.

A.  Joinder

As a threshold matter, plaintiff has failed to name a proper defendant.  He has only named CCHCS and the CDCR, both of which are state agencies and therefore not persons under § 1983.  Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").  Although plaintiff later identifies an individual defendant in his Addendum (ECF. No. 17), neither this new defendant nor his new claims are properly joined under Federal Rules of Civil Procedure 18 and 20.  A plaintiff may

---

[1] The court takes no position on whether plaintiff would be able to successfully pursue his claims in state court.

8

join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or *arising out of the same transaction*, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20 (emphasis added). Here, plaintiff raises new claims that do not involve the defendants in the second amended complaint and that arise out of a separate occurrence from the alleged violations raised in his second amended complaint. Therefore, plaintiff's motion to supplement will be denied. Moreover, as a substantive matter, the speculative allegations of the supplemental complaint fail to establish that plaintiff has standing because he cannot show an injury-in-fact.

        B.   Data Breach Claim

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.1999). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). To have Article III standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'") (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)). To satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements . . . with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561 (citations omitted).

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical."

Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted).

Plaintiff's allegations are based upon a notification which states that it is unknown whether *any* sensitive information is contained in the laptop. ECF No. 15 at 14. Even if there is sensitive information in the laptop, the scope of the information, including whether any of plaintiff's information is contained therein, is unknown. In other words, whether plaintiff's sensitive information has even been compromised is unknown. Additionally, plaintiff states that his medical and custodial records have been tampered with as a result of this theft. ECF No. 16 at 5. Specifically, plaintiff asserts that someone deleted his medical information, resulting in changes to his designated risk status and medical profile and that information is also missing from his custodial records, including his college transcripts. ECF No. 16 at 6-9. However, plaintiff's allegations revolve around the potential breach as the result of discrete information contained on a stolen laptop, not with a breach of CDCR's records system. Plaintiff's allegation that his institutionally maintained records have been tampered with, based on the theft of a laptop that may have contained copies of institutional records, is conjecture without evidence of causation or injury, which is insufficient to confer standing. Thus, plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information and allowing him to supplement the complaint with his claim for violation of his constitutional right to informational privacy based on the theft of the laptop would futile. Because the court is not allowing supplementation to add federal claims related to the laptop theft, it also declines to allow supplementation to add state law claims related to the theft.

V.    No Leave to Amend

If the Court finds that a complaint should be dismissed for failure to state a claim, the

Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff's complaint fails to state a claim upon which relief may be granted. Moreover, given the nature of plaintiff's claims, there is no way for plaintiff to amend the complaint to state a claim for which relief can be granted and leave to amend would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

VI. Summary

It is recommended that the complaint be dismissed without leave to amend because amendment would not do any good. First, HIPAA does not give individuals a right to sue. Second, plaintiff cannot show a violation of informational privacy under the Fourteenth Amendment because his state lawsuit required him to prove an injury. Bringing a suit that involves issues of injury, even if the suit isn't about medical care, gives up medical privacy rights. Third, plaintiff cannot state a claim under the Fourth Amendment because he was not the one in possession of his medical records. Since the undersigned is recommending dismissal of plaintiff's federal claims, the court should also dismiss his state law claims. Plaintiff's motion to supplement will be denied because (1) the new claims and new defendants are not related to the original claims, and (2) plaintiff's speculation about a breach of his sensitive information, without evidence of injury, does not support a claim for relief.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion to supplement the complaint (ECF No. 14) is denied.

1    IT IS FURTHER RECOMMENDED that the second amended complaint be dismissed
2 without leave to amend.
3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days
5 after being served with these findings and recommendations, plaintiff may file written objections
6 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
7 to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
8 objections within the specified time may waive the right to appeal the District Court's order.
9 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
10 DATED: January 27, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE